IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

DALE BRAMLETT, INDIVIDUALLY,      §
AND AS INDEPENDENT                §
ADMINISTRATOR OF THE ESTATE       §
OF VICKI BRAMLETT, DECEASED,      §
et al.,                           §
                                  §
                   Plaintiffs,    §
                                  §  Civil Action No. 3:09-CV-1596-D
VS.                               §
                                  §
THE MEDICAL PROTECTIVE            §
COMPANY OF FORT WAYNE,            §
INDIANA, et al.,                  §
                                  §
                   Defendants.    §

MEMORANDUM OPINION
AND ORDER

In this removed action, there are several interrelated motions

pending for decision.  There is one component of the case, however,

that arguably controls all others at this stage: whether, following

removal, the addition by amended complaint of a non-diverse

defendant requires that the case be remanded.  For the reasons that

follow, the court will allow additional briefing before addressing

that question.*

Defendants The Medical Protective Company of Fort Wayne,

Indiana and Medical Protective Insurance Services, Inc. d/b/a The

_____

*Under § 205(a)(5) of the E-Government Act of 2002 and the
definition of "written opinion" adopted by the Judicial Conference
of the United States, this is a "written opinion[ ] issued by the
court" because it "sets forth a reasoned explanation for [the]
court's decision."  It has been written, however, primarily for the
parties, to decide issues presented in this case, and not for
publication in an official reporter, and should be understood
accordingly.

Medical Protective Company of Fort Wayne, Indiana ("Med Pro Defendants") removed this case. The removal was joined by all defendants who had been served as of the date of removal, i.e., the Med Pro Defendants. Although defendants Dan Walston ("Walston") and Paul Rinaldi ("Rinaldi") were also named as parties in plaintiffs' state court petition, they had not yet been served and they did not consent to removal. Walston and Rinaldi were not served until October 13, 2009.

Following removal, plaintiffs, without leave of court, filed on September 28, 2009 an amended complaint that added Benny P. Phillips, M.D. ("Dr. Phillips") as a party. Like some of the plaintiffs, Dr. Phillips is a citizen of Texas. The Med Pro Defendants consented to the filing. Walston or Rinaldi, who had not yet been served, did not.

Despite the pendency of various motions, there is one question that arguably controls all others: whether the addition by amended complaint of Dr. Phillips, a non-diverse defendant, requires that the case be remanded. According to 28 U.S.C. § 1447(e), "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to State court." Diversity jurisdiction depends on complete diversity of the parties. *See* 28 U.S.C. § 1332(a)(1); *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978) ("[D]iversity jurisdiction

does not exist unless *each* defendant is a citizen of a different State from *each* plaintiff." (emphasis in original)).   The joinder of Dr. Phillips destroys the complete diversity of the parties. Under § 1447(e), the court must either decline to allow his joinder or permit it and remand the case to state court.   *See Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987) ("If [the court] permits the amendment of the nondiverse defendant, it then must remand to the state court.").

Given the unusual procedural posture of this case, however, the court will not remand the case before allowing any party who opposes remand to address the *Hensgens* factors and present any other basis for opposing a remand.   At the time plaintiffs added Dr. Phillips as a defendant, the Med Pro Defendants consented to the amendment.   They are therefore charged with knowledge of the consequences under § 1447(e) of that decision.   Walston and Rinaldi, however, had not been served.   They had no opportunity to oppose the filing of an amended complaint, which in fact required leave of court because the Med Pro Defendants had answered in state court.   The court concludes that they should have this opportunity, particularly to address the *Hensgens* factors, which the court considers when deciding whether to allow the joinder of a non-diverse defendant after removal.   *Id*.   Under *Hensgens*

> justice requires that the district court
> consider a number of factors to balance the
> defendant's interests in maintaining the
> federal forum with the competing interests of
> not having parallel lawsuits. For example,
> the court should consider the extent to which
> the purpose of the amendment is to defeat
> federal jurisdiction, whether plaintiff has
> been dilatory in asking for amendment, whether
> plaintiff will be significantly injured if
> amendment is not allowed, and any other
> factors bearing on the equities.

*Hensgens*, 833 F.2d at 1182.

Accordingly, within 21 days of the date of this memorandum opinion and order, any party who opposes the remand of this case based on the post-removal joinder of Dr. Phillips must file a brief that addresses the *Hensgens* factors and any other basis for opposing a remand. Within 14 days after such a brief is filed, plaintiffs may file a reply brief in support of remand. The court will not decide any of the pending motions—except, if warranted under § 1447(e), plaintiffs' motion to remand—before it addresses the issue addressed here.

**SO ORDERED.**

January 22, 2010.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE

- 4 -