IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

DALE BRAMLETT, INDIVIDUALLY,      §
AND AS INDEPENDENT                §
ADMINISTRATOR OF THE ESTATE       §
OF VICKI BRAMLETT, DECEASED,      §
et al.,                          §
                                 §
                  Plaintiffs,    §
                                 §  Civil Action No. 3:09-CV-1596-D
VS.                              §
                                 §
THE MEDICAL PROTECTIVE           §
COMPANY OF FORT WAYNE,           §
INDIANA, et al.,                 §
                                 §
                  Defendants.    §

MEMORANDUM OPINION
AND ORDER

Plaintiffs move to remand this removed diversity case based on a lack of complete diversity of citizenship, and they also move for voluntary dismissal under Fed. R. Civ. P. 41(a)(2).  Two defendants——Dan Walston ("Walston") and Paul Rinaldi ("Rinaldi")——move to dismiss the claims against them under Fed. R. Civ. P. 12(b)(6).  The court grants Walston and Rinaldi's motions to dismiss, denies plaintiffs' motion to remand, and grants plaintiffs' motion for voluntary dismissal on the conditions set forth below.  The court also vacates the post-removal joinder of non-diverse defendant Benny P. Phillips, M.D. ("Dr. Phillips").

I

This lawsuit arises in connection with a suit filed in Texas state court in which the plaintiffs in this action[1] sued Dr. Phillips for medical malpractice (the "Malpractice Lawsuit"). Dr. Phillips is also a defendant in this lawsuit. In the Malpractice Lawsuit, the jury returned a verdict in plaintiffs' favor in August 2005. The Supreme Court of Texas upheld the verdict in March 2009 but remanded the case to the trial court (the "state trial court") to adjust plaintiffs' damages according to the court's holding that their recovery was statutorily capped and that an exception to that cap for *Stowers* doctrine violations applied only to insurers. *See Phillips v. Bramlett*, 288 S.W.3d 876, 883 (Tex. 2009). The court "reserv[ed] for another case any suit against [Dr. Phillips'] insurer" for possible violations of Texas' *Stowers* doctrine. *Id.* at 882. In December 2009 the state trial court entered judgment. Plaintiffs have appealed, contending the state trial court erred. That appeal is pending.

After the Supreme Court of Texas issued its decision, plaintiffs filed the instant lawsuit in state court in Dallas County against Dr. Phillips' liability insurer, The Medical Protective Company of Fort Wayne, Indiana, and Medical Protective Insurance Services, Inc. d/b/a The Medical Protective Company of

---

[1]Plaintiffs are Dale Bramlett, individually, and as independent administrator of the Estate of Vicki Bramlett, deceased, Shane Fuller, and Michael Fuller.

Fort Wayne, Indiana (collectively, "Med Pro") and two individual insurance adjusters, Walston and Rinaldi. Plaintiffs alleged that Med Pro, Walston, and Rinaldi were negligent in failing to settle plaintiffs' claims against Dr. Phillips in the Malpractice Lawsuit.

In August 2009 Med Pro removed the lawsuit to this court based on diversity of citizenship. Plaintiffs filed a motion to remand, contending that the parties are not completely diverse because plaintiffs, Walston, and Rinaldi are all citizens of Texas, and because Dr. Phillips, also a Texas citizen, was being added as a defendant. On the same day, plaintiffs filed——without leave of court but without opposition from Med Pro——an amended complaint[2] that added Dr. Phillips as a defendant. Med Pro, through its counsel, agreed to the filing of the amended complaint by signing a letter that consented to the amended complaint but that did not indicate whether Med Pro or its counsel was aware that plaintiffs would use the amended complaint to join another party-defendant, particularly a non-diverse one. *See* Ps. Feb. 24, 2010 App. 1.

In November 2009 plaintiffs filed a Rule 41(a)(2) motion to dismiss without prejudice, which Med Pro opposes. Walston and Rinaldi also move to dismiss under Rule 12(b)(6) for failure to

_____

[2]All references to the "amended complaint" are to plaintiffs' first amended complaint, filed September 28, 2009. In considering the addition of Dr. Phillips, the court only considers the claim asserted at the time of joinder. In any case, the second amended complaint filed January 14, 2010 does not in any way alter the claim asserted against Dr. Phillips.

- 3 -

state a claim upon which relief can be granted.

## II

The court turns first to plaintiffs' motion to remand. "A court must be satisfied that it has subject-matter jurisdiction before dealing with any other matters." *Wells Fargo Banks, N.A. v. Am. Gen. Life Ins. Co.*, 670 F.Supp.2d 555, 560 (N.D. Tex. 2009) (Means, J.).

### A

For a case to be removed based on diversity jurisdiction, "'all persons on one side of the controversy [must] be citizens of different states than all persons on the other side.'" *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008) (quoting *McLaughlin v. Miss. Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004)). This means that no plaintiff can be a citizen of the same state as even one defendant. Moreover, under 28 U.S.C. § 1441(b), a case cannot be removed based on diversity jurisdiction if any properly joined defendant is a citizen of the state in which the action is brought.

Plaintiffs maintain that the court lacked diversity jurisdiction at the time of removal because plaintiffs and defendants Walston and Rinaldi are all Texas citizens. Plaintiffs also contend that the case must be remanded because Walston and Rinaldi are citizens of the state in which the suit was brought, thus precluding removal under § 1441(b), and because Dr. Phillips,

- 4 -

who is also a Texas citizen, was added as a defendant after the case was removed, thus requiring remand under § 1447(e).

Defendants oppose plaintiffs' motion.  They maintain that the allegations of plaintiffs' post-removal amended complaint are irrelevant because removal is determined based on the claims asserted at the time of removal; Walston and Rinaldi were improperly joined; and Dr. Phillips was improperly joined. Defendants therefore contend that there has continuously been complete diversity in this case, from its filing in state court to the time of removal to the present.

B

1

"The doctrine of improper joinder . . . entitle[s] a defendant to remove to a federal forum unless an in-state defendant has been 'properly joined.'"  *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc).  "When a defendant removes a case to federal court on a claim of improper joinder [of an in-state defendant], the district court's first inquiry is whether the removing party has carried its heavy burden of proving that the joinder was improper."  *Id.* at 576.  Improper joinder is established by showing that there was either actual fraud in the pleading of jurisdictional facts or that the plaintiff is unable to establish a cause of action against the non-diverse defendant in state court.  *Id.* at 573 (citing *Travis v. Irby*, 326 F.3d 644, 646-

47 (5th Cir. 2003)).

Under the second alternative—the one at issue in this case—the test for improper joinder "is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against the in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id.* The court must "evaluate all of the factual allegations in the light most favorable to the plaintiff, resolving all contested issues of substantive fact in favor of the plaintiff." *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 308 (5th Cir. 2005) (internal quotation marks omitted). Thus "[t]he party seeking removal bears a heavy burden of proving that the joinder of the in-state party was improper." *Smallwood*, 385 F.3d at 574.

There are two "proper means for predicting whether a plaintiff has a reasonable basis of recovery under state law." *Id.* at 573. "The court may conduct a Rule 12(b)(6)-type analysis,[3] looking

---

[3]In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, "[t]he 'court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation marks omitted) (quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). To survive the motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1949 (2009).

initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant.  Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder." *Id.* (footnote omitted). In cases where "a plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder . . . the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry." *Id.*  Although this is a matter for the court's discretion, "a summary inquiry is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant."  *Id.* at 573-74.  The court is not permitted to "mov[e] . . . beyond jurisdiction and into a resolution of the merits." *Id.* at 574.

In considering the allegations against in-state defendants, the court must look to the live pleadings at the time of removal. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) ("To determine whether jurisdiction is present for removal, we consider the claims in the state court petition as they existed at the time of removal.").

2

The court considers plaintiffs' state-court petition to decide whether Med Pro, the removing defendant, has satisfied its heavy burden of establishing improper joinder of Walston and Rinaldi, the

Texas-citizen defendants.

Plaintiffs allege in their state-court petition:

> This suit is necessary to collect on a legal
> debt and damages due and owing to Plaintiffs
> based on Defendants' negligent failure to
> settle a claim within its insurance policy
> limits on or about December 17, 2003 . . . .
> Plaintiffs are seeking equitable subrogation
> in connection with the jury's verdict in
> Plaintiffs' favor and the resulting excess
> liability as a consequence of Defendants'
> negligent failure to settle a claim within the
> insurance policy limits.

Ds. Oct. 19, 2010 App. 4. In other words, plaintiffs sue Med Pro
under the *Stowers* Doctrine for breaching a common law duty to
settle insurance claims when it was reasonably prudent to do so.
*See Phillips*, 288 S.W.3d at 879; *see also G.A. Stowers Furniture
Co. v. Am. Indem. Co.*, 15 S.W.2d 544 (Tex. Comm'n App. 1929,
holding approved). In *Phillips* the Supreme Court of Texas
specifically mentioned that plaintiffs might bring a "suit against
the insurer [Med Pro] under section 11.02(c)'s *Stowers* exception."
*Phillips*, 288 S.W.3d at 882 (italics added). The court did not
mention any claim against Walston and Rinaldi, the adjusters.
Under *Stowers* "an insurer may be held liable in damages for
refusing an offer of settlement when it appears that an ordinary
prudent person in the insured's situation would have settled."
*Ford v. Cimarron Ins. Co.*, 230 F.3d 828, 831 (5th Cir. 2000)
(citing *Stowers*, 15 S.W.2d at 547). The doctrine provides for
suits against insurance companies. Several Texas cases have noted

that *Stowers* liability only applies to the insurer itself.   *See Employers Mut. Cas. Co. v. Maya*, 2005 WL 1017814, at *3 (N.D. Tex. Apr. 29, 2005) (Boyle, J.) (holding there was no *Stowers* cause of action against claims specialist because *Stowers* duty "is imposed only on insurers and not on any other party"); *Am. Centennial Ins. Co. v. Canal Ins. Co.*, 810 S.W.2d 246, 254 (Tex. App. 1991) ("The duty imposed by the *Stowers* doctrine applies only to the insurer; it does not apply to the insurer's agents . . . . [N]o cause of action exists, under the *Stowers* doctrine, against any party other than the insurer."), *aff'd in part, rev'd in part on other grounds*, 843 S.W.2d 480 (Tex. 1992).

Med Pro, Walston, and Rinaldi contend that they have found no case that supports a *Stowers* claim against individual insurance adjusters.   Plaintiffs have not responded to this contention or cited authorities that show that they have a viable *Stowers* claim against Walston or Rinaldi.   Plaintiffs originally failed to file a reply brief in support of their remand motion and did not rebut Med Pro's improper joinder arguments.   After the court ordered additional briefing on the issue of the joinder of Dr. Phillips, plaintiffs filed a reply brief that addresses the joinder of Walston and Rinaldi, but they rely only on statutory claims first added after the case was removed.   The court may only consider the live pleadings at the time of removal.   *See Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 259 (5th Cir. 1995) (citing *Green*

*v. Amerada Hess Corp.*, 707 F.2d 201, 205 (5th Cir. 1983)).  And plaintiffs assert that their "pleadings establish that they have a *statutory* right of recovery against all of the Defendants," P. Reply Mot. to Dis. 9 (emphasis added), despite the fact that their state-court petition only alleges common law claims.[4]

Walston and Rinaldi's motions to dismiss under Rule 12(b)(6) also analyze the claims asserted against Walston and Rinaldi according to standards similar to the improper joinder inquiry. Yet in plaintiffs' response to Walston and Rinaldi's motions to dismiss, they again rely entirely on the new statutory claims added after the case was removed.  Plaintiffs have therefore failed to refute defendants' showing that plaintiffs cannot recover from Walston and Rinaldi.

Accordingly, the court holds that Med Pro has carried its heavy burden of proving that plaintiffs are unable to establish a cause of action against Walston and Rinaldi, the non-diverse defendants.  It holds that Walston and Rinaldi were improperly joined.  Therefore, at the time of the removal, only the citizenship of Med Pro, a diverse, non-Texas citizen, affected

---

[4]The cases plaintiffs cite to establish a statutory claim against individual insurance adjusters like Walston and Rinaldi are misplaced.  *Gasch v. Hartford Accident & Indemnity Co.*, 491 F.3d 278 (5th Cir. 2007), does hold that there is a Texas Insurance Code-based claim against individual insurance adjusters.  But it explicitly distinguishes this claim from a common law cause of action, in particular, the duty of good faith.  *Gasch* does not reach a conclusion as to whether any common law claim can lie against individual insurance adjusters.

whether the court had diversity jurisdiction.  Because the parties were diverse, the case was removable.

3

Because the court holds that Walston and Rinaldi were improperly joined according to a Rule 12(b)(6)-type analysis, it follows that they are entitled to dismissal of the claims based on their Rule 12(b)(6) motions to dismiss.  *See Berry v. Hardwick*, 152 Fed. Appx. 371, 373-74 (5th Cir. 2005) (per curiam) (holding that district court properly granted defendants' motion to dismiss when it determined that they had been improperly joined).  The actions against Walston and Rinaldi are dismissed with prejudice by Rule 54(b) final judgment filed today.

III

A

The court's decision on improper joinder, however, does not of itself result in the denial of plaintiffs' remand motion.  As noted, after the case was removed, plaintiffs amended their complaint to add Dr. Phillips, a Texas citizen, as a defendant.  28 U.S.C. § 1447(e) provides: "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."

In a January 22, 2010 order, the court raised the issue presented by § 1447(e) and requested briefing from any defendant

- 11 -

who opposed remand on the basis of the post-removal joinder of Dr. Phillips. *See Bramlett v. Med. Protective Co. of Fort Wayne, Ind.*, 2010 WL 272067, at *2 (N.D. Tex. Jan. 22, 2010) (Fitzwater, C.J.). In particular, the court requested briefing that addressed the *Hensgens* factors that the court must consider when deciding whether to permit the post-removal joinder of a non-diverse defendant. *See Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987).[5]

B

The court now vacates plaintiffs' joinder of Dr. Phillips as a party-defendant.

The court is authorized to reconsider plaintiffs' amendment and vacate the joinder on its own initiative.[6]   The Fifth Circuit

---

[5]The court ordered that any defendant who opposed remand respond within 21 days.   Walston and Rinaldi filed a timely response, to which plaintiffs replied.   Med Pro did not file a timely response.   Instead, it filed without leave of court on February 25, 2010 a brief, styled as a "response," that was in effect a surreply that addressed factual assertions in plaintiffs' February 24, 2010 reply brief.   Because the court is considering the *Hensgens* factors on its own, and has received briefing on the issues from both sides, Med Pro will not be prejudiced if the court declines to consider the untimely response.   And since the court is declining to consider this response, it denies plaintiffs' March 2, 2010 motion to strike the response as moot.

[6]Med Pro argues that Dr. Phillips was improperly joined, but the doctrine of improper joinder does not present the correct framework for analyzing the post-removal joinder of a non-diverse defendant.   "The [improper] joinder doctrine does not apply to joinders that occur *after* an action is removed . . . .   [T]he doctrine has permitted courts to ignore (for jurisdictional purposes) only those non-diverse parties *on the record in state court at the time of removal*."   *Cobb v. Delta Exports, Inc.*, 186 F.3d 675, 677 (5th Cir. 1999) (emphasis in original).   If the joinder of Dr. Phillips is not vacated, the court will lose subject

- 12 -

recognizes that a district court may avoid remanding a case pursuant to § 1447(e) by vacating its earlier order of joinder. *See Borden v. Allstate Ins. Co.*, 589 F.3d 168, 172 (5th Cir. 2009) ("But the district court . . . could have either denied [defendant's] joinder to begin with, or it could have vacated its order of joinder."). Similarly, in *Hensgens* the Fifth Circuit noted that the amendment that added a non-diverse party was improperly "permitted as a routine matter" by the district court. *Hensgens*, 833 F.2d at 1182. The panel vacated the order permitting joinder and remanded the case to allow the district court to reconsider joinder according to the *Hensgens* factors. *Id*.

*Hensgens* holds that, because the post-removal addition of a non-diverse defendant strips a district court of subject matter jurisdiction, before the non-diverse party is joined, "justice requires that the district court consider a number of factors to balance the defendant's interests in maintaining the federal forum with the competing interests of not having parallel [state and federal] lawsuits." *Id*. Under *Hensgens* the following factors are to be considered: (1) the extent to which the purpose of the amendment is to defeat federal jurisdiction, (2) whether plaintiff has been dilatory in asking for amendment, (3) whether plaintiff will be significantly injured if amendment is not allowed, and (4)

---

matter jurisdiction, and defendants "may not [then] assert [improper] joinder in an effort to reinstate complete diversity." *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 171-72 (5th Cir. 2009).

- 13 -

any other factors bearing on the equities.  *Id.*  If joinder of the non-diverse party is allowed, the district court must remand the case.  *Id.*  The court now addresses each of these factors in turn.

                                    1

Under the first factor, the court considers the extent to which plaintiffs' purpose in joining Dr. Phillips was to defeat federal jurisdiction.

Plaintiffs amended their complaint and contemporaneously filed their motion to remand.  The timing of these two acts suggests that the purpose of the amendment was to defeat jurisdiction.  *See Alba v. S. Farm Bureau Cas. Ins. Co.*, 2008 WL 4287786, at *2 (N.D. Tex. Sept. 19, 2008) (Fitzwater, C.J.) ("[W]aiting until shortly after removal to assert claims of which the plaintiff has been aware against a non-diverse defendant raises considerable suspicion concerning plaintiff['s] purpose.").  Med Pro first raised the issue of the improper joinder of Walston and Rinaldi in its notice of removal, alerting plaintiffs to the fact that the joinder of Walston and Rinaldi might not be sufficient to avoid removal. Moreover, in the amended complaint, plaintiffs assert the following claim against Dr. Phillips: "Against Defendant Phillips, Plaintiffs seek to recover the total amount of the [Malpractice Lawsuit] judgment [subject to the damages cap] provided for by the Texas Supreme Court in its opinion." Am. Compl. 20.  In other words, as to Dr. Phillips, plaintiffs seek to enforce the Malpractice Lawsuit

                                  - 14 -

judgment.[7]   This is a claim about which plaintiffs were surely aware before the case was removed.   There is no persuasive explanation in the record for why they waited until after the case was removed to join Dr. Phillips.   The court therefore holds that plaintiffs' purpose for joining him was to defeat federal jurisdiction.

2

The court now considers whether plaintiffs have been dilatory in asking for amendment.

Dr. Phillips was joined only six months after this suit was originally filed in state court, which does not necessarily suggest any undue delay.   But as already noted, the timing of the amendment suggests that the purpose of the amendment was to defeat jurisdiction.   And there are no apparent developments that occurred in the Malpractice Lawsuit between March and September 2009 that might otherwise explain the timing for adding Dr. Phillips as a defendant.   The court therefore concludes that plaintiffs were dilatory in joining Dr. Phillips.

---

[7]In plaintiffs' reply to the motion to remand, they suggest they will imminently file claims for tortious interference against Dr. Phillips, but no such claims have been asserted.  *See* Ps. Feb. 24, 2010 Br. ¶ 7.   Therefore, the court only considers the claim to enforce the Malpractice Lawsuit judgment.

3

The court addresses third whether plaintiffs will be significantly injured if the court declines to allow the joinder of Dr. Phillips, and it concludes they will not be.  If plaintiffs cannot pursue their enforcement action against Dr. Phillips in this case, they can do so in the state trial court as part of the ongoing proceedings in the Malpractice Lawsuit.  There is no persuasive reason to conclude that requiring them to pursue the claim in that forum will significantly injure them (or injure them at all).  In fact, plaintiffs concede as much in their motion for voluntary dismissal, which argues that enforcement actions should properly be heard in the state trial court because that court, according to plaintiffs, has "exclusive jurisdiction" over the issues. *See* Ps. Nov. 2, 2009 Br. ¶ 2.  Therefore, the third factor also weighs in favor of vacating joinder.[8]

4

Concerning the fourth factor, the court holds that there are no other factors bearing on the equities that warrant allowing plaintiffs to join Dr. Phillips.

Assessing the four factors together, the court holds that plaintiffs are seeking to add Dr. Phillips to destroy diversity

---

[8]Plaintiffs raise two other possible prejudices: that the jury in an enforcement action would be confused if it does not hear the whole story of the medical malpractice case, and that plaintiffs have a right to choose the forum.  Neither argument is meritorious or worthy of discussion.

- 16 -

jurisdiction, that they were dilatory in doing so, and that denying them the opportunity to add him as a defendant will not significantly injure them (or injure them at all).  The court therefore vacates the joinder of Dr. Phillips as a party-defendant via plaintiffs' amended complaint.

C

Accordingly, because the court has vacated the joinder of Dr. Phillips, and because Walston and Rinaldi were improperly joined, the court denies plaintiffs' motion to remand.

IV

The court now considers plaintiffs' motion for voluntary dismissal under Rule 41(a)(2).

A

Plaintiffs move for dismissal so that they can continue "enforcement actions" in state court related to the Malpractice Lawsuit.  Plaintiffs argue that Med Pro has voluntarily appeared in the Malpractice Lawsuit and they can therefore pursue their claims against all defendants in state court.  Med Pro asserts that plaintiffs' various claims against it are not related to any potential enforcement action arising from the Malpractice Lawsuit. It maintains it will be prejudiced by a dismissal without a resolution on the merits, and it requests an award of attorney's fees and costs if the court grants plaintiffs' motion.

B

Rule 41(a)(2) provides, *inter alia*, where, as here, the defendants have filed answers, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper."  "[A]s a general rule, motions for voluntary dismissal should be freely granted unless the non-moving party will suffer some plain legal prejudice other than the mere prospect of a second lawsuit." *Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 317 (5th Cir. 2002).

> [O]utright denial of a motion to dismiss should be reserved only for those cases where the defendant demonstrates: (1) that dismissal will preclude the court from deciding a pending case or claim-dispositive motion; or (2) that there is an objectively reasonable basis for requesting that the merits of the action be resolved in this forum in order to avoid legal prejudice.

*Radiant Tech. Corp. v. Electrovert USA Corp.*, 122 F.R.D. 201, 203 (N.D. Tex. 1988) (Fitzwater, J.) (considering various factors in determining whether to grant dismissal, the principal one of which "is whether the dismissal would prejudice the defendant."). Essentially, "[o]utright dismissal should be refused . . . when a plaintiff seeks to circumvent an expected adverse result." *Id.*

Although plaintiffs may have sought dismissal to circumvent an expected adverse result regarding their claims against Walston and Rinaldi, or to avoid this federal forum, the court cannot say that they are now seeking dismissal to avoid an adverse result.  Dr.

- 18 -

Phillips is no longer a party, and Med Pro does not seek favorable substantive relief at this time.  Moreover, Med Pro has failed to demonstrate that dismissal would cause it any real prejudice.

C

Rule 41(a)(2) specifically provides that dismissal may be "on terms that the court considers proper."  "A district court generally imposes terms and conditions when granting a motion for a voluntary dismissal under Rule 41(a)(2) in order to protect the defendant."  *Cranford v. Morgan S. Inc.*, 333 Fed. Appx. 852, 855 (5th Cir. 2009) (per curiam).  A "plaintiff has the option to refuse a Rule 41(a)(2) voluntary dismissal and to proceed with its case if the conditions imposed by the court are too onerous," although it must do so in a timely fashion.  *Mortgage Guar. Ins. Corp. v. Richard Carlyon Co.*, 904 F.2d 298, 301 (5th Cir. 1990).

The court will impose the following conditions to dismissal without prejudice.  First, if plaintiffs choose to re-file this action, they cannot assert against Walston and Rinaldi the claims that the court is dismissing today by Rule 54(b) judgment.[9]  Second, plaintiffs must pay Med Pro the reasonable attorney's fees and expenses that it has incurred in defending this lawsuit, both before and after removal.

If the parties can agree on the appropriate amounts of fees

---

[9]Even if the claims would be barred by doctrines such as *res judicata*, imposing such a condition will save Walston and Rinaldi the burden and expense of establishing this affirmative defense.

- 19 -

and expenses, they may so inform the court, and the court will enter a conditional order of dismissal.  If they cannot agree, Med Pro must apply for attorney's fees and costs under the procedure, and within the time, prescribed by Rule 54(d).

After the parties agree to, or the court calculates, the appropriate attorney's fees and expenses to be paid, plaintiffs have four options: First, they can accept the dismissal with its conditions, in which case MedPro has an enforceable judgment that it can execute.  *See Yoffe v. Keller Indus., Inc.,* 582 F.2d 982, 983 (5th Cir. 1978) (per curiam) (opinion denying panel rehearing). Second, they can decline to dismiss, decline to pay, and "take [their] chances on a trial."  *Id.*  Third, they can accept the dismissal and decline to pay, in which case this court may dismiss this lawsuit with prejudice.  *Id.*  Fourth, they can withdraw their motions.  *Id.* at 983-84.

Accordingly, within 14 days of the date either that the parties inform the court that they have agreed to the appropriate fees and expenses or that the court files its conditional award, plaintiffs must inform the court of the option that they have elected.  The court will then proceed accordingly under the appropriate option.

\*       \*       \*

Plaintiffs' September 28, 2009 motion to remand is denied. Defendants Walston's and Rinaldi's November 2, 2009 motions to

dismiss are granted, and by Rule 54(b) judgment filed today, plaintiffs' actions against Walston and Rinaldi are dismissed with prejudice. The court vacates the joinder of Dr. Phillips as a party-defendant. Plaintiffs' November 2, 2009 Rule 41(a)(2) motion to dismiss is granted on the conditions set forth in this memorandum opinion and order, and plaintiffs must elect the option on which they choose to proceed in accordance with the terms of this memorandum opinion and order. Plaintiffs' March 2, 2010 motion to strike is denied as moot.

**SO ORDERED.**

April 13, 2010.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE