IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

DALE BRAMLETT, INDIVIDUALLY,      §
AND AS INDEPENDENT                §
ADMINISTRATOR OF THE ESTATE       §
OF VICKI BRAMLETT, DECEASED,      §
et al.,                           §
                                  §
                Plaintiffs,       §
                                  § Civil Action No. 3:09-CV-1596-D
VS.                               §
                                  §
THE MEDICAL PROTECTIVE            §
COMPANY OF FORT WAYNE,            §
INDIANA, et al.,                  §
                                  §
                Defendants.       §

MEMORANDUM OPINION
AND ORDER

In a prior opinion, the court conditionally granted
plaintiffs' motion for voluntary dismissal under Fed. R. Civ. P.
41(a)(2) without prejudice on the requirement that they pay the
reasonable attorney's fees and expenses that the remaining
defendants, The Medical Protective Company of Fort Wayne, Indiana,
and Medical Protective Insurance Services, Inc. d/b/a The Medical
Protective Company of Fort Wayne, Indiana (collectively, "Med
Pro"), have incurred in defending this lawsuit, both before and
after removal.  Med Pro has applied for such an award.  The court
now enters judgment dismissing without prejudice plaintiffs' action
against Med Pro and awarding Med Pro $29,396.25 in attorney's fees
and $350.00 in expenses as a condition of dismissal.

I

The procedural posture and facts of this case are detailed in the court's previous memorandum opinion and order. *See Bramlett v. Med. Protective Co. of Ft. Wayne, Ind.*, 2010 WL 1491422, at *1-*2 (N.D. Tex. Apr. 13, 2010) (Fitzwater, C.J.) ("*Bramlett I*"). This suit arises from a state court medical malpractice case (the "Malpractice Lawsuit") against Benny P. Phillips, M.D. ("Dr. Phillips"). A jury found in plaintiffs' favor in the Malpractice Lawsuit, and that verdict was upheld by the Supreme Court of Texas, although the court remanded to the state trial court to adjust plaintiffs' damages. After the Supreme Court of Texas entered its order, plaintiffs filed the instant lawsuit in state court, alleging negligence claims against defendants for failure to settle plaintiffs' malpractice claims. Plaintiffs originally sued Dr. Phillips' insurer, Med Pro, and two individual insurance adjusters, Dan Walston ("Walston") and Paul Rinaldi ("Rinaldi"). Defendants removed the case to this court. Plaintiffs later sought to join Dr. Phillips as a defendant. In *Bramlett I* the court dismissed with prejudice Walston and Rinaldi as improperly joined. The court also vacated the joinder of Dr. Phillips. Finally, the court granted plaintiffs' motion for voluntary dismissal on two conditions, one of which is that plaintiffs must pay the reasonable attorney's fees and expenses that Med Pro has incurred in defending this lawsuit, both before and after removal.

Med Pro has filed a motion for attorney's fees, requesting $39,195.00 in attorney's fees for 174.2 hours of legal work[1] and $350.00 in reasonable expenses for the filing fee for removal. Attached to the motion is the affidavit of Med Pro's attorney, Joseph R. Little, Esquire ("Little"), attesting to his typical billing procedure and describing how he expended 174.2 hours on the case. Little's affidavit groups together similar activities in larger periods of time ranging from 4.0 hours to 30.8 hours and provides a general description of the work in each period.

Plaintiffs did not file a response to Med Pro's motion. Instead, they moved to compel Med Pro to produce detailed, contemporaneous billing records. And in their reply brief in support of their motion to compel, they set out objections to Med Pro's fee request. In particular, they object to Little's affidavit on the ground that it does not distinguish time spent defending Med Pro from time expended defending his other two clients, Walston and Rinaldi. They also argue that Little's request is unreasonable for several reasons: (1) they should not be required to pay for the total of 53.10 hours that Little attests he spent educating himself about the Malpractice Lawsuit; (2) they should not be required to pay for the 20.70 hours Little spent negotiating Dr. Phillips' release of all claims against Med Pro;

---

[1] The court notes that, according to Med Pro's attorney, this number has already been reduced by approximately 15% in the exercise of the attorney's billing judgment.

and (3) a fee request of $39,195.00 is excessive for a lawsuit in which the parties litigated only subject matter jurisdiction and removal.

## II

To calculate the amount of a reasonable attorney's fee, the court begins by "determin[ing] the compensable hours from the attorneys' time records, including only hours reasonably spent." *Shipes v. Trinity Indus.*, 987 F.2d 311, 319 (5th Cir. 1993). The court may exclude any hours that it determines "are excessive, redundant, or otherwise unnecessary" and may reduce the number of compensable hours "where the documentation of hours is inadequate." *Hensley v. Eckerhart*, 461 U.S. 424, 434, 433 (1983).

"[T]he party seeking reimbursement of attorneys' fees . . . has the burden of establishing the number of attorney hours expended, and can meet that burden only by presenting evidence that is adequate for the court to determine what hours should be included in the reimbursement." *Bode v. United States*, 919 F.2d 1044, 1047 (5th Cir. 1990). Exceptionally terse descriptions of activities do not constitute sufficient documentation. *See, e.g.*, *League of United Latin Am. Citizens No. 4552 (LULAC) v. Roscoe Indep. Sch. Dist.*, 119 F.3d 1228, 1233 (5th Cir. 1997) (disallowing fees for "research and review of cases" because entry was impermissibly vague); *see also Cookston v. Freeman, Inc.*, 1999 WL 714760, at *2 (N.D. Tex. Sept. 14, 1999) (Fitzwater, C.J.)

(compiling cases). While courts favor proof in the form of contemporaneous billing records, "[f]ailing to provide contemporaneous billing statements does not preclude an award of fees per se, as long as the evidence produced is adequate to determine reasonable hours." *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 325 (5th Cir. 1995); *see also Heasley v. Comm'r*, 967 F.2d 116, 123 (5th Cir. 1992) (same). "The Fifth Circuit has rejected the requirement that attorneys present contemporaneous time records of their work in order to recover attorney's fees." *SEC v. AmeriFirst Funding, Inc.*, 2008 WL 2185193, at *2 (N.D. Tex. May 27, 2008) (Fitzwater, C.J.) (citing *Dennis v. Warren*, 779 F.2d 245, 249 (5th Cir. 1985)). But "[l]itigants take their chances when submitting such fee applications, as they provide little information from which to determine the 'reasonableness' of the hours expended on tasks vaguely referred to . . . without stating what was done with greater precision." *La. Power & Light*, 50 F.3d 319 at 327.

The court next "must select an appropriate hourly rate based on prevailing community standards for attorneys of similar experience in similar cases." *Shipes*, 987 F.2d at 319. "The number of compensable hours is then multiplied by the selected hourly rate to produce the 'lodestar' amount." *Id.; see also Rutherford v. Harris Cnty., Tex.*, 197 F.3d 173, 192 (5th Cir. 1999) (citing *LULAC*, 119 F.3d at 1232). The fee applicant bears the

burden to substantiate both the requested hours and the hourly rate. *Hensley*, 461 U.S. at 437. After calculating the lodestar amount, the court must then determine whether the lodestar should be adjusted based on the factors listed in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974). *Shipes*, 987 F.2d at 320.

III

Med Pro relies on Little's affidavit to provide sufficient evidence to support its fee request. But the court concludes that the affidavit amounts to little more than "block billing," i.e., describing multiple activities in one time entry. His affidavit seeks compensation for substantial blocks of time, listing multiple activities for those blocks of time, and does not specify the time per legal service rendered or the date on which the service was rendered. The following is an example of the level of description in the affidavit: "reviewing and analyzing Plaintiffs' first amended complaint, conducting research regarding the cause of action raised in that pleading and potentially applicable defenses, and preparing answers for all four of my clients (at least 10.3 hours)." Little Aff. 4.

"Courts disfavor the practice of block billing because it impairs the required reasonableness evaluation. When time records are block billed, the court cannot accurately determine the number of hours spent on any particular task, and the court is thus

hindered in determining whether the hours billed are reasonable."
*Barrow v. Greenville Indep. Sch. Dist.*, 2005 U.S. Dist. LEXIS
34557, at *11 (N.D. Tex. Dec. 20, 2005) (Fitzwater, J.), *aff'd*,
2007 WL 3085028 (5th Cir. Oct. 23, 2007). Other courts have also
found difficulty assessing the reasonableness of block billing
entries. *See, e.g.*, *Torres-Rivera v. O'Neill-Cancel*, 524 F.3d 331,
340 (1st Cir. 2008) ("Where that party furnishes time records that
are ill-suited for evaluative purposes, the court is hampered in
ascertaining whether those hours were excessive, redundant, or
spent on irrelevant issues."); *Robinson v. City of Edmond*, 160 F.3d
1275, 1284-85 (10th Cir. 1998) ("The use of billing practices that
camouflage the work of a lawyer does naturally and quite correctly
raise suspicions about whether all the work claimed was actually
accomplished or whether it was necessary."); *Gratz v. Bollinger*,
353 F.Supp.2d 929, 939 (E.D. Mich. 2005).

Most courts that have addressed block billing have concluded
that denying all block-billed attorney's fees is not appropriate.
*See, e.g.*, *Trulock v. Hotel Victorville*, 92 Fed. Appx. 433, 434
(9th Cir. 2004) (holding that block billing "is not a basis for
refusing to award attorneys' fees"); *Cadena v. Pacesetter Corp.*,
224 F.3d 1203, 1215 (10th Cir. 2000) (concluding that block billing
"is not per se forbidden"); *Rodriguez v. McLoughlin*, 84 F.Supp.2d
417, 425 (S.D.N.Y. 1999) ("The practice of block billing is not
prohibited in [the Second] Circuit."); *cf. Grendel's Den, Inc. v.*

*Larkin*, 749 F.2d 945, 952 (1st Cir. 1984) ("the absence of detailed contemporaneous time records, except in extraordinary circumstances, will call for a substantial reduction in any award or, in egregious cases, disallowance."). Instead, many courts reviewing block-billed time entries have performed a percentage reduction either in the number of hours or in the lodestar figure, typically ranging from 10% to 30%. *See, e.g.*, *Lahiri v. Universal Music & Video Distrib. Corp.*, 606 F.3d 1216, 1222 (9th Cir. 2010) (holding that district court's 20% reduction for block billing was not abuse of discretion); *Torres-Rivera v. O'Neill-Cancel*, 524 F.3d 331, 340 (1st Cir. 2008) (holding that 15% reduction of fee request for block billing "plainly falls within the range of reasonableness"); *Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 948 (9th Cir. 2007) (noting California State Bar's conclusion that block billing "may increase time by 10% to 30%.") *In re Pierce*, 190 F.3d 586, 594 (D.C. Cir. 1999) (applying 10% reduction); *Gratz*, 353 F.Supp.2d at 939 (reducing fee request by 10% due to block billing).

Little's affidavit provides no more than block-billed entries with general descriptions of activities relating to successive phases of the litigation. The large block of time each entry describes materially interferes with the court's ability to assess the reasonableness of the time expended. Moreover, the entries provide no dates for the work, hampering the court's ability to

assess the time frame over which the time was expended. *See Weinberger v. Great N. Nekoosa Corp.*, 925 F.2d 518, 527 (1st Cir. 1991) (holding that full accounting includes dates of performance). The court will therefore reduce Med Pro's request for Little's time by 25% and will award compensation only for 130.65 hours.

Plaintiffs do not contest the reasonableness of Little's hourly rate of $225. Because Little has already reduced his usual rate from $295 to $225 for this case, the court finds that this rate is reasonable. *See Islamic Ctr. of Miss., Inc. v. City of Starkville*, 876 F.2d 465, 469 (5th Cir. 1989) ("When that rate is not contested, it is *prima facie* reasonable.").

The court declines to adjust the lodestar amount based on the *Johnson* factors because it finds that no further adjustments are warranted. *See Johnson*, 488 F.2d at 717-19. Any necessary adjustments have already been taken into account in the reduction of Little's hours, as explained above.

Therefore, applying Little's rate to the reduced number of reasonable hours, the court orders plaintiffs to pay Med Pro $29,396.25 in attorney's fees as a condition of voluntary dismissal. The court notes that the 25% percentage reduction that it is applying is reasonable because it only results in a reduction of $9,798.75 due to the relatively low amount of hours at issue. The court's award is commensurate with the length and complexity of the case.

Med Pro has also submitted documentation proving that it incurred $350.00 in filing fees in removing the case. This cost is reasonable and necessary.

IV

"A request for attorney's fees should not result in a second major litigation." *Hensley*, 461 U.S. at 437. Because the court's downward adjustment of Med Pro's fee request adequately addresses the lack of detail in Med Pro's fee request, the court need not consider plaintiffs' motion to compel production of billing records, and it denies the motion as moot. All of the arguments raised in plaintiffs' reply to the motion——in particular plaintiffs' concerns that Little's request included time spent on his other clients——are adequately addressed by the overall percentage reduction.

\* \* \*

Accordingly, the court grants defendants' April 27, 2010 motion for attorney's fees to the extent it awards Med Pro $29,396.25 in attorney's fees and $350.00 in court costs. The court denies as moot plaintiffs' April 30, 2010 motion to compel production of billing records. A judgment in accordance with the accepted offer detailed in *Bramlett I*, 2010 WL 1491422, at \*7–\*8, is being filed contemporaneously with this memorandum opinion and order. Under *Bramlett I* Med Pro now has an enforceable judgment that it can execute. *Id.* at \*8 (citing *Yoffe v. Keller Indus.,*

*Inc.,* 582 F.2d 982, 983 (5th Cir. 1978) (per curiam) (opinion denying panel rehearing)).

    **SO ORDERED.**

    August 20, 2010.

SIDNEY A. FITZWATER
CHIEF JUDGE